UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-60045-RAR

**ANNEL ANTONIO CARRERA**,

    Petitioner,

v.

**UNITED STATES OF AMERICA**,

    Respondent.

_____/

## ORDER DISMISSING 28 U.S.C. § 2241 PETITION

**THIS CAUSE** comes before the Court on Petitioner Annel Antonio Carrera's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), [ECF No. 1], and his attached Memorandum of Law, [ECF No. 1-1]. Petitioner argues that the Bureau of Prisons ("BOP") should credit him for the time Petitioner was held in BOP custody following his federal conviction and sentence. *See generally* Pet. Respondent filed a Response, [ECF No. 7], arguing that the Petition should be denied on the merits and for failure to exhaust administrative remedies. Petitioner filed an untimely Reply, [ECF No. 8]. After reviewing the parties' briefings, the applicable law, and being otherwise fully advised, it is hereby **ORDERED AND ADJUDGED** that the Petition is **DISMISSED without prejudice** for failure to exhaust administrative remedies.

## BACKGROUND

### I.   Petitioner's Detention

On February 15, 2023, Petitioner was convicted by guilty plea of committing three crimes: one count of conspiracy to import five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 963; one count of importation of five kilograms or more of a mixture containing a detectable amount of cocaine, in violation of § 952(a);

and one count of conspiracy to possess with intent to distribute five kilograms or more of a substance containing a detectable amount of cocaine, in violation of § 846.  *See* Judgment, *United States v. Carrera*, No. 22-cr-60142-RAR (S.D. Fla. Feb. 15, 2023), ECF No. 72 at 1.

The Court sentenced Petitioner to 96 months' imprisonment, followed by a five-year term of supervised release.  *See id.* at 2.  Further, the Court recommended to the BOP that Petitioner be designated to a facility "in or as near to the Southern District of Florida as possible" and that the BOP place Petitioner "in the Residential Drug Abuse Treatment Program" at a "designated Bureau of Prisons institution."  *Id.*  On February 15, 2023, Petitioner was remanded to the custody of the United States Marshal.  *See id.*

## II.     Petitioner's Time Credits

After his sentencing, Petitioner's file was sent to the BOP Designation and Sentence Computation Center ("DSCC") to ensure Petitioner's forthcoming designation at a facility that was commensurate with his specific security, mental, and programmatic needs.  *See* Izquierdo Decl. ¶ 15, [ECF No. 7-3].  On April 13, 2023, Petitioner was officially designated to the Federal Correctional Institution in Miami, Florida ("FCI Miami"), in accordance with the Court's recommendation.  *See id.* ¶ 16.  At that time, bed space was unavailable at FCI Miami until June 16, 2023.  *See id.*  Petitioner therefore remained as a temporarily housed, holdover detainee at the Federal Detention Center in Miami, Florida ("FDC Miami").  *See* Response to Grievance, Ex. B, [ECF No. 7-1] at 12.

On June 16, 2023, Petitioner arrived at his designated facility, FCI Miami, to commence his term of imprisonment.  *See id.*  Upon his arrival, Petitioner participated in the two-tiered assessment under the Risk and Needs Assessment System, as required by 18 U.S.C. § 3632, to target Petitioner's risk of recidivism and reduction of said risk.  *See id.* ¶¶ 11, 17.  Petitioner thereby became eligible to earn First Step Act Time Credits ("FTCs") toward time spent in custody and

early transfer to supervised release. *See id.* ¶ 17. As calculated by the BOP, Petitioner began accruing FTCs on June 16, 2023, the date he arrived at FCI Miami. *See* BOP Time Credit Assessment, Ex. B, [ECF No. 7-1] at 13.

### III.  Petitioner's Administrative Appeal

On July 5, 2024, Petitioner informally wrote his unit team requesting an explanation for "why his release date did not reflect [his] earned time credits from February 23, 2023, to June 16, 2023[.]" Verdejo Decl. ¶ 11 (alterations added); *see* Mem., [ECF No. 1-1] at 5 ("The [BP-8] form was filed on July 5, 2024" and "submitted to Counselor Martin" (alteration added)). Five days later, Petitioner was advised that inmates placed at a "presentence facility" do not earn FTCs until they are transported to their designated facility. Verdejo Decl. ¶ 11; *see* Mem. at 5 ("[N]egative replies received from Counselor S. Martin on July 10, 2024." (alteration added)).

On July 15, 2024, Petitioner filed a formal administrative grievance with the Warden at FCI Miami, again asserting that his sentence incorrectly excluded the four months during which "he was participating in productive activities from February 15, 2023, to June 16, 2023." Verdejo Decl. ¶ 12; *see* Mem. at 5 ("The [BP-9] form was filed on July 15, 2024." (alteration added)). On August 15, 2024, the Warden responded, clarifying that an eligible inmate begins to earn FTCs after the inmate's term of imprisonment commences, meaning *either* the date at which the inmate arrives *or* voluntarily surrenders at his designated BOP facility. *See* Verdejo Decl. ¶ 12. Petitioner's ineligibility, according to the Warden, stemmed from Petitioner's BOP "holdover" status at FDC Miami until June 16, 2023. *Id.* Petitioner was advised of his right to appeal. *See id.* Petitioner claims that the Warden's response was "hand delivered [to him] on August 22, 2024." Mem. at 5 (alteration added).

The parties dispute the next sequence of Petitioner's appeal process. Petitioner claims that he filed a BP-10 Form with the Regional Office on August 26, 2024. *See id.* He then alleges that

"[n]o response was received" within the regulatory thirty-day period. *Id.* (alteration added). Respondent counters that Petitioner made his first attempt to appeal to the Regional Office on August 27, 2024. *See* Verdejo Decl. ¶ 13. According to FCI Miami Executive Assistant Steven Verdejo, Petitioner's first appeal was rejected in part because Petitioner "did not provide a copy of the institutional remedy request or a copy of the Warden's response." *Id.* Respondent states that Petitioner attempted to appeal to the Regional Office a second time on September 9, 2024. *See id.* ¶ 14. Petitioner's second appeal was rejected because it was not submitted "in the proper form," and Petitioner was notified that he could resubmit his appeal on the proper BP-10 Form within ten days of the rejection notice. *Id.* That same day, according to Respondent, the Regional Office received another filing duplicative of an already-rejected administrative remedy filing. *See id.* A subsequent filing was likewise rejected because Petitioner again "did not provide a copy of the institution[al] administrative remedy form or the Warden's response." *Id.* (alteration added).

On September 23, 2024, Petitioner appealed to BOP's Central Office. *See id.* ¶ 15; *see also* Admin. Remedy History, Ex. A, [ECF No. 7-1], at 9 (designating receiving office of Petitioner's September 23, 2024, appeal as "BOP"); Mem. at 5 ("Finally a BP-11 was filed on September 23, 2024[.]" (alteration added)). Petitioner contends that his appeal to the Central Office "was not responded to within thirty [days] . . . and therefore denied." Mem. at 5 (alterations added). Respondent, however, claims that the Central Office rejected Petitioner's appeal for various reasons, including because he never filed a BP-10 Form at the Regional Office; he submitted his appeal to the wrong level or office; he did not submit a complete set of the request or appeal; and he submitted "more than one continuation[.]" Verdejo Decl. ¶ 15 (alteration added). Respondent says that the Central Office directed Petitioner to file a BP-10 Form with the Regional Office and that, if unsatisfied with its response once received, Petitioner could then file in the Central Office. *See id.*; *see also* Admin. Remedy History, Ex. A, [ECF No. 7-1], at 9.

## **LEGAL STANDARDS**

A district court is authorized to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Under the saving clause of 28 U.S.C. § 2255(e), a federal prisoner may bring a habeas petition under section 2241 if "the remedy by [section 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (alteration added). Therefore, "an action brought pursuant to 28 U.S.C. § 2241 is the proper vehicle to challenge the execution of a sentence, rather than the validity of the sentence itself." *United States v. Kinsey*, 393 F. App'x 663, 664 (11th Cir. 2010) (citing *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008)). "It is the petitioner's burden to establish his right to habeas relief[,] and he must prove all facts necessary to show a constitutional violation." *Blankenship v. Hall*, 542 F.3d 1253, 1270 (11th Cir. 2008) (alteration added; citation omitted).

Federal prisoners are required to exhaust administrative remedies before filing a § 2241 petition. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). Although the exhaustion requirement is not jurisdictional, courts may not "disregard a failure to exhaust . . . if the respondent properly asserts the defense." *Id.* "And because exhaustion is non-jurisdictional, even when the defense has been preserved and asserted by the respondent throughout the proceeding, a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question." *Id*.

## **ANALYSIS**

In the Petition, Petitioner insists that "all his administrative steps have been exhausted." Mem. at 5. Respondent counters that the Petition should be dismissed for Petitioner's failure to exhaust his administrative remedies by not complying with "the terms and timelines set by BOP guidelines." Resp. at 3 (citation omitted). In his Reply, Petitioner "disagrees with the

Government's argument that he did not exhaust all his administrative remedies[,]" asserting that "he received no response to [his] Regional or Central [Office] motion[s]" which constituted denials of those motions. Reply at 1 (alterations added). He further argues that [f]iling administratively to the [BOP] is futile" because "[t]he delays with the BOP are systemic."[1] *Id.* (alterations added). Petitioner contends that, "after months of waiting," he recognized that "the administrative route was futile and time consuming." *Id.* at 3.

To determine whether a petitioner has exhausted his administrative remedies, district courts follow the two-step test set forth in *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). *See Blevins v. FCI Hazelton Warden*, 819 F. App'x 853, 854, 856 (11th Cir. 2020) (extending the *Turner* test to 28 U.S.C. § 2241 petitions). At *Turner*'s first step, the court looks at the petitioner's and the respondent's factual allegations and, if they conflict, accepts as true the petitioner's version of the facts. *Id*. If the petitioner's allegations establish his failure to exhaust administrative remedies, the court must deny the petition. *Id*. If the petitioner's factual allegations do not support dismissal at the first step, the court proceeds to the second step. *Id*. At *Turner's* second step, the court must "make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. The respondent bears the burden of establishing that the petitioner failed to exhaust his administrative remedies. *Id*.

Petitioner is a federal prisoner and therefore required to comply with the BOP's Administrative Remedy Program's rules. *See* 28 C.F.R. §§ 542.10 *et seq*. The Administrative

---

[1] As an initial matter, the Court need not consider Petitioner's futility arguments, which he raised for the first time in his untimely Reply. *See Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1307 (11th Cir. 2012) ("Letting the plaintiffs put forward their arguments on this issue for the first time in the reply brief would deprive [the defendant] of the opportunity to reflect upon and respond in writing to [the plaintiffs'] arguments and would deprive this Court of the benefit of written arguments." (cleaned up)); *Ayala v. Dermaforce Partners, LLC*, No. 22-23000, 2023 WL 3674127, at *1 (S.D. Fla. May 26, 2023) ("District courts are afforded discretion under [Federal Rule of Civil Procedure] 6(b) to accept untimely filings but are not compelled to do so." (cleaned up)). In the interest of completeness, the Court will nevertheless consider Petitioner's arguments and, for the reasons stated later in this Order, finds them unavailing.

Remedy Program provides a three-tiered review process in which a matter is reviewed by an institution's Warden, the BOP's Regional Director, and the BOP's General Counsel. To seek administrative review, an adult in custody ("AIC") must first seek informal resolution. *See* 28 C.F.R. § 542.13. If the result is unsatisfactory, the AIC may file a formally written Administrative Remedy Request with the Warden at his institution on a B-9 Form within 20 calendar days "following the date on which the basis for the Request occurred." *Id.* § 542.14(a). If the Warden's response is unhelpful, the AIC may appeal to the BOP's Regional Director on a BP-10 Form. *See id.* § 542.15(a). If the Regional Director rejects the AIC's appeal, the Director must provide a written notice explaining the basis for the rejection. *Id.* § 542.17(b). If the defect can be corrected, the Director's notice must provide a timeframe during which the AIC may correct the deficiency and resubmit his appeal. *See id.*

However, if the Regional Director does not give the AIC an opportunity to correct the defect, or if the Director's response to an accepted appeal is unhelpful, the AIC may appeal the rejection to the General Counsel by filing a BP-11 Form for review. *See id.* §§ 542.15(a), 542.17(c). An AIC's appeals must satisfy the form requirements set forth by federal regulation. *See id.* § 542.15(b). Moreover, the Warden must respond to an AIC's BP-9 Form within twenty (20) days; the Regional Director must respond to an AIC's BP-10 Form within thirty (30) days; and the General Counsel must respond to an AIC's BP-11 Form within forty (40) days. *See* 28 C.F.R. § 542.18. If the AIC does not receive a response within these allotted times, he "may consider the absence of a response to be a denial at that level." *Id*.

Beginning with *Turner*'s first step, the parties mostly agree with the dates on which Petitioner sought administrative relief. To the extent they conflict, the Court is required to accept Petitioner's version of the events as true, which are as follows: Petitioner sought informal review of his time-credits determination on July 5, 2024. *See* Mem. at 5. After receiving a negative reply,

he timely filed an Administrative Remedy Request with the Warden at his institution on July 15, 2024. *See id.* The Warden's response—again, negative—was hand-delivered to Petitioner on August 22, 2024. *See id.* Petitioner timely appealed on August 26, 2024 to the Regional Office on the proper form, and, significantly, Petitioner alleges that no response was received within thirty days. *See id.* Accepting that silence as a denial, Petitioner appealed to the Central Office on September 23, 2024—twenty-eight days later. *See id.*

Petitioner's own version of the events is unsustainable. Before Petitioner appealed to the Central Office on September 23, 2024, less than thirty days had passed before Petitioner could have "consider[ed] the absence of [the Regional Office's] response to be a denial" under BOP regulations. 28 C.F.R. § 542.18 (cleaned up). No BOP regulation entitled Petitioner to give short shrift to the appeal process by appealing while pending a response from the Regional Director within the thirty-day response window. Petitioner's appeal to the Central Office was therefore premature and improperly filed; by his own account, Petitioner failed to "comply with the [BOP]'s deadlines and other procedural rules, including the rules relating to the filing of appeals," which constitutes a failure to exhaust. *Blevins*, 819 F. App'x at 856 (alteration added; citations omitted); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (requiring that inmates use "all steps" made available by prisons for exhaustion of remedies, and that inmates must follow them "properly").

But even if Petitioner's appeal to the Central Office was not premature, he fails at *Turner*'s second step. Respondent counters that Petitioner failed to comply several times with the BOP's Administrative Remedy Program's rules when appealing to the Regional Office. Respondent proffers supporting affidavits and exhibits reflecting that Petitioner submitted four deficient filings to the Regional Office. *See* Verdejo Decl. ¶¶ 13–14; Admin. Remedy History at 7–9 (denoting one filing received on August 27, 2024 and three filings received on September 9, 2024). The Regional Office rejected Petitioner's August 27, 2024 appeal in part because it "contained more

Page 8 of 11

than one letter size (8 ½" x 11") continuation page," Verdejo Decl. ¶ 13 (alteration added); *see* Admin. Remedy History at 7 (denoted as reason "ONE")—which violates BOP rules, *see* 28 C.F.R. § 542.14 ("If more space is needed, the inmate may use *up to one* letter-size (8 ½ " by 11") continuation page." (emphasis added)). On September 9, 2024, the Regional Office notified Petitioner that, although he did not submit his second appeal on the proper form, he could do so "within 10 days of the date of the rejection notice[,]" but his subsequent filings did not cure his former deficiencies. Verdejo Decl. ¶ 14 (alteration added). Rather than refile a BP-10 with the required documents, Petitioner appealed to the Central Office. *See id.* ¶¶15–16. The Central Office also instructed Petitioner to file a BP-10 with the Regional Office. *See* Admin. Remedy History at 9. Petitioner has not provided any documentary evidence showing that he attempted to comply with these directives.

Given this record, the Court resolves the underlying dispute in Respondent's favor. *See Bryant v. Rich*, 530 F.3d 1368, 1377 (11th Cir. 2008) (holding that the district court properly resolved a factual dispute regarding exhaustion in the defendant's favor where the plaintiff failed to develop the evidentiary record). It is evident from Respondent's supporting documentation— and Petitioner's own narrative—that the Central Office could not extend review of Petitioner's claims before proper evaluation by the Regional Office, yet Petitioner at various instances did not comply with the BOP's procedural and form-related rules. *See Davis v. Warden, FCC Coleman-USP I*, 661 F. App'x 561, 562 (11th Cir. 2016) ("In order to properly exhaust administrative remedies, a petitioner must comply with an agency's deadlines and procedural rules"); *United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990) (explaining that the BOP's regulations "set out the procedures that prisoners *must* pursue prior to seeking relief in a district court." (emphasis added)). And Petitioner cannot evade the BOP's requirements because he personally finds them

"time consuming." Reply at 3. Thus, because Petitioner failed to comply with the BOP's regulations, the Court concludes that he failed to exhaust his administrative remedies.

Lastly, Petitioner argues that BOP remedies were unavailable to him because "delays with the BOP are systemic." *Id.* at 1. His argument is untenable for four reasons. *First*, the BOP's provisions *already* contemplate an avenue for inmates who do not receive responses from administrative officials, such that "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18 (alteration added). *Second*, accepting Petitioner's version of the events, the BOP's supposed delays never functioned as a dead-end for Petitioner. He concedes that he appealed to each office, including the Central Office *before* the Regional Office's thirty-day window expired—which, as explained, rendered his appeal premature and inconsistent with BOP procedure.

*Third*, various district courts have accepted that there is no "futility" exception to the exhaustion requirement for claims seeking Time Credits under the FSA. *See Vargas v. Stone*, No. 22-CV-048, 2022 WL 6791641, at *3 (S.D. Ga. Sept. 13, 2022) (collecting cases and holding that "courts considering the issue of calculation of time credits under the First Step Act have enforced exhaustion requirements and rejected futility arguments"), *report and recommendation adopted*, 2022 WL 6768225; *see also Perez v. Joseph*, No. 22-CV-2055, 2022 WL 2181090, at *2 (N.D. Fla. May 4, 2022) ("[T]here are grounds for doubt that a futility exception is available on a [28 U.S.C.] § 2241 petition in this circuit." (cleaned up)), *report and recommendation adopted*, 2022 WL 2176505 (N.D. Fla. June 15, 2022). *Fourth*, and in any event, Petitioner's mere "subjective belief . . . that exhausting administrative remedies is a futile effort is insufficient to excuse him from [exhaustion]." *Germaine v. Atkinson*, No. 10-CV-21955-ASG, 2010 WL 5631817, at *1 (S.D. Fla. Aug. 24, 2010) (alterations added). To establish futility, he must show "that his case

involves extraordinary circumstances and . . . adequately explain why administrative review would prove futile[,]" which he has not done here. *Jaimes v. United States*, 168 F. App'x 356, 359 (11th Cir. 2006) (alteration added). Accordingly, Petitioner has failed to exhaust his administrative remedies, and the Petition is due to be dismissed without prejudice.

## CONCLUSION

Thus, based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Petitioner Annel Antonio Carrera's Petition, **[ECF No. 1]**, is **DISMISSED without prejudice** for failure to exhaust administrative remedies. All deadlines are **TERMINATED**, and any pending motions are **DENIED as moot**. The Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 25th day of April, 2025.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE

cc:   Annel Antonio Carrera
      06549-510
      Miami FCI
      Federal Correctional Institution
      Inmate Mail/Parcels
      Post Office Box 779800
      Miami, FL 33177
      PRO SE