UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-60045-RAR

**ANNEL ANTONIO CARRERA**,

    Petitioner,

v.

**UNITED STATES OF AMERICA**,

    Respondent.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**THIS CAUSE** comes before the Court on Petitioner Annel Antonio Carrera's *pro se* "Motion for Reconsideration Regarding Dismissal of Petitioner's 28 U.S.C. § 2241 Petition" ("Motion"), [ECF No. 10]. Petitioner argues that the Court erred in dismissing his § 2241 Petition [ECF No. 1], in which he challenged the Bureau of Prisons' refusal to credit him for time that he spent in federal custody following his conviction and sentence. *See generally* Pet., [ECF No. 1]; Order Dismissing Pet., [ECF No. 9]. For the following reasons, his Motion is **DENIED**.

As a preliminary matter, the Court dismissed Petitioner's § 2241 Petition on April 25, 2025. *See* Order Dismissing Pet. at 11. Petitioner filed his Motion on May 16, 2025,[1] within twenty-eight days of the Court's April 25, 2025 Order. *See* Mot. at 6. The Court will therefore treat the Motion as one brought under Rule 59(e) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 59(e); *see also Rivero v. Taylor*, 465 F. App'x 839, 840 (11th Cir. 2012) ("Rivero's motion should have been

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted). "Absent evidence to the contrary, [the Court assumes] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (alteration added; citation omitted).

construed as a motion under Federal Rule of Civil Procedure 59(e) because it was filed within twenty-eight days of the entry of judgment.").

Under Rule 59(e), a motion to amend or alter judgment "can be granted only on newly discovered evidence or manifest errors of law or fact." *Hamilton v. Sec'y, Fla. Dep't of Corr.*, 793 F.3d 1261, 1266 (11th Cir. 2015) (citation omitted). "[C]lear error or manifest injustice occurs where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension[.]" *Great Lakes Ins. SE v. Boat Rental Miami, Inc.*, No. 19-20623-Civ, 2020 WL 264674, at *6 (S.D. Fla. Jan. 17, 2020) (quotation marks and citation omitted). A Rule 59(e) motion "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Socialist Workers Party v. Leahy*, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997) (cleaned up). However, a movant cannot attempt to relitigate old matters or raise arguments that could have been raised prior to the court's judgment. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

Petitioner has failed to state a single basis for reconsideration. He begins by, once again, attacking the Bureau of Prisons' calculation of when he first "began accruing FTCs[.]" Mot. at 2. Not only does Petitioner renew an argument he has already presented, but this assertion is wholly unrelated to the Court's reason for denying his Petition, namely, Petitioner's failure to exhaust his administrative remedies. *See generally* Order Dismissing Pet.

Petitioner next reinvokes the argument that the Bureau of Prisons' administrative procedure is futile. *See* Mot. at 2 (arguing that the Regional Office's three "rejections were made for nonsensical administrative reasons and is one of the ways the [Bureau of Prisons] thwart[s] an inmate from obtaining relief"); *id.* at 4 ("Even if the Government and [Bureau of Prisons] are correct in their

conclusions, . . . the whole process . . . is futile[.]" (cleaned up)); *id.* at 5 (stating that he attempted "to complete the administrative remedies and filed through Regional and Central and in the end, never received a response[,]" and that, "after months of waiting, he concluded that the administrative process was futile and time consuming"). These repeated arguments are precisely the kinds that are improperly raised in a Rule 59(e) motion. *See Harris v. Corr. Corp. of Am.*, 546 F. App'x 885, 887–88 (11th Cir. 2013) ("To the extent that Harris's motion for reconsideration merely reiterated his previous arguments as to subject matter jurisdiction and due process violations, the district court properly denied his Rule 59(e) motion."). And to the extent Petitioner's new futility arguments were "previously available, but not pressed[,]" the Court rejects them as well. *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998).

Petitioner otherwise gives no reason for why the Court should amend its judgment. Petitioner plainly "failed to comply with the [Bureau of Prisons'] deadlines and other procedural rules, including the rules relating to the filing of appeals[.]" Order Dismissing Pet. at 8 (cleaned up). As the Court explained, "Petitioner's mere subjective belief . . . that exhausting administrative remedies is a futile effort is insufficient to excuse him from [exhaustion]." *Id.* at 10 (cleaned up). As Petitioner failed to present any extraordinary circumstances to support a finding of futility, his Petition was appropriately dismissed.

Thus, based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Petitioner's "Motion for Reconsideration Regarding Dismissal of Petitioner's 28 U.S.C. § 2241 Petition", [ECF No. 10], is **DENIED**. This case shall remain closed.

**DONE AND ORDERED** in Miami, Florida, this 10th day of June, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:     Annel Antonio Carrera
        06549-510
        Miami FCI
        Federal Correctional Institution
        Inmate Mail/Parcels
        Post Office Box 779800
        Miami, FL 33177
        PRO SE